## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CHALMER E. SMITH )<br><br>Petitioner, )<br><br>v. )<br><br>WARDEN FRANK B. BISHOP, and )<br>THE ATTORNEY GENERAL OF THE )<br>STATE OF MARYLAND )<br><br>Respondents. ) | Civil Action No.: 1:19-cv-3275-LKG<br><br>Dated: November 8, 2022 |

## MEMORANDUM OPINION

Self-represented petitioner Chalmer E. Smith, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction in the Circuit Court for Baltimore City, Maryland for first degree murder and related firearm offenses. Smith asserts a single ground of "actual innocence." ECF No. 1. On March 2, 2020 Respondents filed an Answer arguing, *inter alia*, procedural default. ECF No. 6. Smith responded. ECF No. 8. Smith also filed a motion for voluntary dismissal. ECF 9. The Court advised Smith of the consequences of voluntary dismissal by Order dated May 5, 2020. ECF No. 10. Smith subsequently moved to withdraw his motion for voluntary dismissal, which was granted on June 2, 2020. ECF No. 13.

No hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the petition shall be **DENIED**, and a certificate of appealability shall not issue.

1

## I.    BACKGROUND

### A.   Procedural Background

On February 23, 2001, Smith was convicted by a jury of first-degree murder, use of a

handgun in the commission of a violent crime or felony, and wearing, carrying, or transporting a

handgun. ECF No. 6-1 at 194.[1] The circuit court sentenced Smith to life plus twenty years

imprisonment. *Id.* Smith appealed his conviction and on January 23, 2002, the Court of Special

Appeals affirmed. *Id.* at 31-39. Smith did not seek further review by petition for certiorari in the

Maryland Court of Appeal. ECF No. 1 at 2. On March 4, 2010, Smith filed an unsuccessful petition

for postconviction relief. ECF No. 6-1 at 12; 42-69; 70-93.[2]

Smith subsequently filed two petitions for a writ of actual innocence in the circuit court.

The first petition, filed on November 12, 2015, alleged Smith received documents from a request

through the Maryland Public Information Act that were not produced by the state prior to his trial.[3]

*Id.* at 194. Smith claimed that three statements from eyewitnesses, Jamie Sipio, Derrick McDonald,

and David Parker, proved someone else committed the murder. *Id.* at 194-195. The state contended

that the Sipio and McDonald statements were not produced prior to trial because they were

fabricated. *Id.* at 195. The state did not deny the authenticity of the Parker statement and was

unsure whether it was disclosed before trial but claimed that Smith was not prejudiced because he

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files system.

[2] The claims raised in Smith's direct appeal and postconviction application are not relevant to his federal habeas petition (*See* ECF No. 6-1 at 31-39; 42-69). In ruling on his postconviction application, the circuit court permitted Smith to file a belated motion for new trial and denied all other substantive claims (*Id.* at 70-93). Smith also raised additional claims unrelated to this federal habeas petition in a motion to re-open his postconviction proceedings, filed on January 10, 2018 (*Id.* at 117-138).

[3] The state court record provided by Respondents did not include Smith's writs of actual innocence, stating in brief they were "unable to procure" a copy (ECF No. 6 at 7, fn. 7; 8, fn. 9). The statements of Derrick McDonald (ECF No. 6-1 at 208-209), James Sipio (*Id.* at 210), David Parker (*Id.* at 211-217), and James Capser (*Id.* at 218) were attached. The content of Smith's pleadings is set forth in detail by the Court of Special Appeals' opinion denying Smith's appeal of his second petition for writ of actual innocence (*Id.* at 193-207).

2

was provided the necessary information on Parker in pretrial discovery. *Id.*[4]

The circuit court held a hearing on October 20, 2016 and issued an order on October 24, 2016 denying Smith's petition. *Id.* at 113-115; 196. The circuit court found that Smith failed to meet his burden of proof under Md. Code Ann., Crim. Proc. § 8-301 because the documents submitted were not "newly discovered evidence." The circuit court explained that David Parker's name along with information on his alleged exculpatory statement was produced to Smith in pretrial discovery. *Id.* at 114-115. In a footnote to the order, the circuit judge explained why he believed that the Sipio and McDonald statements were not authentic and why he found Smith and McDonald's testimony lacked credibility. *Id.* Part of the circuit court's reasoning relied upon the testimony of Detective Vernon Parker regarding police procedures for the preparation of documents and the fact that the alleged statement of McDonald failed to conform to those procedures. *Id.* Smith appealed the denial of his first petition for writ of actual innocence, but the Court of Special Appeals dismissed the appeal because he did not file a transcript of the circuit court hearing. *Id.* at 116; 199. The Court of Appeals denied Smith's request for certiorari. *Id.* at 200.

Smith filed a second petition for writ of actual innocence on July 23, 2017. *Id.* at 200.[5] Smith alleged that Detective Parker perjured his testimony during the October 20, 2016 hearing. As alleged proof of this contention, Smith attached a statement from James Capser,[6] also obtained from his Maryland Public Information Act request. Smith alleged that Capser's statement

---

[4] The state's discovery response can be found in the state record (ECF No. 6-1 at 30).

[5] The docket sheet lists the date of filing as July 13, 2017 (ECF No. 6-1 at 20), but the Court of Special Appeals states the date of filing was July 23, 2017. Because the filing date is not dispositive to the Court's opinion, the Court utilizes the date from the Court of Special Appeals' opinion.

[6] The Court of Special Appeals' opinion included the spelling as "Caspers". However, the statement attached to Smith's first petition for writ of actual innocence spells the name as "Capser" (ECF No. 6-1 at 218). For consistency, the Court utilizes the spelling from the statement.

contradicted Detective Parker's testimony regarding the format used by the Baltimore City Police

Department for witness statements because it was the same format as the McDonald statement. *Id.*

at 200-201. The circuit court issued an order on May 8, 2018 denying Smith's second petition for

writ of actual innocence. *Id.* at 22; 201-202.[7] The circuit court found that Smith failed to show that

the Capser statement "would have created a substantial possibility that the result of his trial would

have been different because [Smith] only alleges that such documents would somehow show that

Detective Vernon Parker 'committed perjury at the hearing of October 20, 2016.'" *Id.* at 201.[8]

Smith filed a timely application for leave to appeal the denial of his second petition for writ

of actual innocence with the Court of Special Appeals. *Id.* at 165-180; 202. On June 3, 2019, the

Court of Special Appeals issued an unreported opinion affirming the circuit court. *Id.* at 193-207.

Smith's sole assignment of error was that the circuit court dismissed his petition without a hearing.

*Id.* at 202. The Court of Special Appeals, however, acknowledged that Smith argued the circuit

court abused its discretion when it denied his first petition for writ of innocence. The Court of

Special Appeals concluded that because Smith's appeal of the first petition for writ of actual

innocence was dismissed and the Court of Appeals denied certiorari, the judgment was final and

res judicata applied. *Id.* at 203. Regarding the second petition for writ of actual innocence, the

Court of Special Appeals found that the circuit court correctly concluded that the documents did

not show that there was a substantial possibility that the results of Smith's trial would have been

different. *Id.* at 203-207. Smith's petition for certiorari with the Maryland Court of Appeal was

denied on August 23, 2019. *Id.* at 25.

---

[7] Respondents were "unable to procure" a copy of the ruling to include in the state court record (ECF No. 6 at fn.9). The date and content of the ruling were included in the Court of Special Appeals' opinion denying Smith's appeal of his second petition for writ of actual innocence (ECF No. 6-1 at 193-207).

[8] Smith also made allegations about documents associated with a man named Wayne Campbell but failed to attach those documents to his petition.

4

On November 1, 2019, Smith filed his Petition in this Court. *See* ECF No. 1.; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system). Smith asserts one ground for habeas relief: "Actual Innocence." ECF No. 1-2 at 5. He claims that the information he received from the Maryland Public Information Act request was newly discovered and demonstrates that someone else committed the crime. ECF No. 1 at 3.

In their response to Smith's Petition, Respondents assert that Smith's claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), is procedurally barred because it has never been presented to the state courts. ECF No. 6 at 12-22. In reply, Smith emphatically stated he is not asserting a claim under *Brady v. Maryland*:

> Petitioner take[s] no issue with the state's legal argument. However, he does take issue with the state's attempt to mislead this Honorable Court factually speaking.
>
> Petitioner has not ever intended or requested either the state court or this Court to consider a Brady claim.
>
> The state's attempt to mislead this Honorable Court is disrespectful to Petitioner, the Law and this Honorable Court.
>
> Petitioner respectfully request[s] that this Honorable Court deny the state's request for a dismissal and rule on the merits that Petitioner placed before the state courts as well as this Honorable Court.

ECF No. 8 at 2.[9]

## II.    STANDARD OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254(d) sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh*

---

[9] Smith's counseled brief to the Court of Special Appeals states that his first writ of actual innocence did raise a claim under *Brady v. Maryland* (ECF No. 6-1 at 173). As noted in fn. 3 and 6, *supra*, the state was unable to procure a copy of Smith's petitions to provide to the Court, so it is unclear whether this claim was ever fairly presented to the state courts. In any event, Smith has made it abundantly clear that he is not asserting a *Brady* claim. Accordingly, the Court will not address whether a claim Smith is not asserting is procedurally defaulted.

*v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet" and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall*, 572 U.S.415, 419-20 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.")). Absent a violation of constitutional rights or federal law, a federal habeas petitioner fails to state a cognizable claim for relief. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (holding that courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law); *Spencer v. Murray*, 18 F.3d 267 239-40 (4th Cir. 1995) (holding that, where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim).

## III.   DISCUSSION

Smith is the "master of his complaint" and thus responsible for describing his claims and otherwise crafting the case he presents to the district court for decision. *See Folkes v. Nelsen*, 34 F.4th 258 (4th Cir. 2022). Thus, at Smith's direction, the Court interprets his Petition to solely assert a claim for actual innocence.

To the extent Smith seeks to appeal the Maryland courts' decisions on his petitions for writ of actual innocence, this federal habeas Court does not act as a super-appellate court and is limited to adjudicating constitutional claims pursuant to the requirements of the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2254; *see also Estelle v. McGuire*, 502 U.S. 62 (1991) (when a petitioner's claim rests solely upon an interpretation of state law and statutes it is not cognizable on federal habeas review). To the extent Smith asserts a freestanding constitutional

claim of actual innocence, this type of claim has not been recognized by the United States Supreme Court as cognizable in habeas corpus proceedings. Alternatively, assuming relief is available, Smith fails to meet the stringent requirements that would be applicable to a freestanding actual innocence claim.

The United States Supreme Court has never held that habeas relief extends to freestanding claims of actual innocence. *Herrera v. Collins*, 506 U.S. 390, 404-405 (1993). A federal habeas petitioner may assert a claim of actual innocence to overcome a procedural bar to review, *Schlup v. Delo*, 513 U.S. 298, 326 (1995), or to overcome the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations ("gateway actual innocence"). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has not resolved whether a non-capital prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence. *McQuiggin*, 569 U.S. 392. *See also House v. Bell*, 547 U.S. 518, 554-55 (2006) (noting that *Herrera v. Collins*, 506 U.S. 390 (2006), left open the possibility of a freestanding claim, but that the threshold showing for such a hypothetical claim would be "extraordinarily high").

The Fourth Circuit has observed that the standard for a freestanding actual innocence claim has yet to be determined by the United States Supreme Court but would be more stringent than the standard articulated by *Schlup v. Delo*, 513 U.S. 298 (1995), for gateway actual innocence claims. *See Teleguz v. Pearson*, 689 F.3d 322, 328 (4th Cir. 2012). In order to present a credible gateway claim of actual innocence under *Schlup*, petitioners must present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup* 513 U.S at 324. "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence,

7

no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329.

Because Smith has litigated his claim of actual innocence on the merits in state court, that decision is entitled to deference in this court. *Winston v. Kelly*, 592 F.3d 535, 557 (4th Cir. 2010). To reach a different result here, this Court would need to conclude that the Court of Special Appeals' decision was "objectively unreasonable." *Id.* at 554 (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)).

Here, there is nothing unreasonable about the state courts' conclusion that Smith did not make an adequate showing of actual innocence. Assuming the allegations of Smith's first petition for writ of actual innocence are properly before the Court,[10] as noted by the Court of Special Appeals, the circuit court made a factual determination that the support for Smith's petition was not credible and not newly discovered. Without any clear and convincing evidence to the contrary, this Court is bound by the state court's factual determinations. *See* 28 U.S.C. § 2254(e)(1).

The Court of Special Appeals concluded that Smith's second petition for writ of innocence failed to show a substantial possibility that the result of his trial would have been different. The Court of Special Appeals aptly pointed out that Smith did not allege that the results of his jury trial would have been different because of the Capser statement. Instead, he alleged that he could prove a witness in his writ of actual innocence hearing had committed perjury. ECF No. 6-1 at 206.

Smith has failed to demonstrate that he meets the extraordinarily high threshold showing for a hypothetical freestanding claim of actual innocence. The factual findings of the state courts would foreclose a gateway actual innocence claim under *Schlup*. With a more stringent standard,

---

[10] As discussed, *supra*, Smith's appeal to the Court of Special Appeals was dismissed without disposition on the merits because he failed to comply with the requirement to include a transcript of the hearing.

those same factual findings would necessarily foreclose a freestanding actual innocence claim. Assuming a freestanding actual innocence claim is cognizable in habeas review, the state courts' dismissal of Smith's claim was neither contrary to nor an unreasonable application of federal law.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Smith has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Smith may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## V.    CONCLUSION

For the foregoing reasons, the Court will deny Smith's Petition for Writ of Habeas Corpus and decline to issue a Certificate of Appealability. A separate Order follows.

LYDIA KAY GRIGGSBY
United States District Judge

9